ZIPPORAH R. CLARK, RESPONDENT, *v.* JAMES MACKIN
AND WILLIAM S. VERPLANK, EXECUTORS, ETC., AND OTHERS,.
APPELLANTS.

*Practice*— *a judgment entered in pursuance of a decision of the Court of Appeals
cannot be altered by the Supreme Court* — *when a supplemental complaint may be
filed after such a judgment has been entered.*

This action was brought by the plaintiff to procure the cancellation of the
satisfaction of a mortgage and to foreclose the said mortgage, and to have
another mortgage on the same premises, held by two of the defendants,
declared subject to the plaintiff's mortgage. A judgment was entered deciding
that the lien of the mortgage held by the said two defendants was prior to
that of the plaintiff, and that' she was not entitled to be subrogated to their
rights under the mortgage or under a guaranty of payment accompanying the
same. This judgment was affirmed by the General Term, but was so modified by
the Court of Appeals as to entitle the plaintiff to subrogation upon the pay-
ment to the said defendants of the amount due to them. This judgment was
subsequently made the judgment of the Supreme Court.

Thereafter the plaintiff moved for and procured an order of the Special Term
setting aside and vacating the said modified judgment, and granting him
leave to file a supplemental complaint:

*Held,* that in so far as the order set aside and vacated the judgment which
had been entered in pursuance of the decision of the Court of Appeals,
it was unauthorized and should be reversed, but that in so far as it authorized.
the plaintiff to file a supplemental complaint it should be affirmed.

APPEAL from an order made at a Special Term, vacating and
setting aside a judgment heretofore entered in this action, and allow-
ing the plaintiff to file a supplemental complaint and make certain
additional persons parties defendant to the action.

This action was originally begun to obtain the cancellation of a
satisfaction piece of the plaintiff's mortgage and the establishment
of the same as a first lien on the property described in it, and for its
foreclosure. James Mackin and William S. Verplank, as trustees,
were made parties defendant, as subsequent lienors by virtue of a
mortgage given to Ramsdell & Co., and assigned by the members
of that firm to those defendants. They defended, claiming priority
for the mortgage in their hands. The court at Special Term found
as facts that the satisfaction piece was fraudulent; that. the plain-
tiff's mortgage was a valid and existing lien; that Ramsdell & Co.
took their mortgage with notice of the existence and validity of

the plaintiff's mortgage and for an antecedent indebtedness; that Mackin and Verplank took the assignment of it without notice and for value, and recorded their assignment after the satisfaction piece was recorded and before this action was commenced, and as matter of law decided that upon the recording of their assignment Mackin and Verplank acquired a lien prior to the lien of the plaintiff's mortgage, and that as to them the complaint should be dismissed, and that the plaintiff was not entitled to subrogation to the defendants' rights under their mortgage and a guaranty of payment held by them and made by Ramsdell & Co. A judgment accordingly was entered, and from so much of it as was in favor of the defendants the plaintiff appealed to the General Term where the judgment was affirmed, and from the judgment entered upon the affirmance the plaintiff appealed to the Court of Appeals. Upon that appeal a decision was rendered that the judgment should be modified so as to give the plaintiff the right claimed by her to be subrogated to the rights of the defendants under the bond, mortgage and guaranty held by them. The remittitur was filed by the defendants and an order entered modifying the judgment agreeably to that decision.

When this action was tried it appeared that the defendants had brought an action to foreclose the mortgage assigned to them and that the plaintiff here was not made a party defendant to that action; that it had proceeded to judgment and a sale had been had of all lands affected by it excepting those covered by the plaintiff's mortgage, which were as yet unsold, and that the guaranty had not been enforced. It also appeared that the guaranty was good and collectible.

It was claimed by the plaintiff that after the entry of the judgments in this action and without making the plaintiff a party to the other suit, the real estate covered by the plaintiff's mortgage was sold for the nominal price of fifty dollars to James P. H. Ramsdell, a son of the surviving partner of the firm of Ramsdell & Co., and thereafter the surviving partner and the executors of the deceased partner, in satisfaction of the contract of guaranty given by that firm, paid to the defendants Mackin and Verplank, trustees, the balance unpaid on the bond and mortgage assigned to the trustees, and those instruments, with the assignment and guaranty, were surrendered to them or their attorney.

When the judgment was modified, therefore, Mackin and Verplank held neither the bond, mortgage nor guaranty, all having been restored to Ramsdell & Co. The plaintiff complied with the requirements of the judgment as modified, tendered the amount due to Mackin and Verplank for principal, interest and costs, and demanded the bond, mortgage and assignment of the guaranty. The tender and transfer were refused, and the refusal put upon the ground that Mackin and Verplank had been paid the money due on the guaranty and had surrendered the bond, mortgage and guaranty to the guarantors Whereupon a motion was made herein to set aside the judgment already entered, as the same had been modified, to amend the summons so as to bring in all the parties who have acquired interests growing out of the transactions which took place subsequent to the trial, and to file and serve a supplemental complaint in this action setting up the facts connected with those transactions, which motion was granted.

*E. A. Brewster,* for the appellants.

*Henry Bacon,* for the respondent.

DYKMAN, J.:

The principal object of this action was to foreclose the mortgage of the plaintiff and obtain the money secured thereby, by a sale of the mortgaged premises; as auxiliary relief, however, the plaintiff sought to procure the cancellation of the satisfaction of another mortgage on the same premises, held by the defendants Mackin and Verplank. They defended the action and claimed priority for the mortgage they held. The Special Term, on the trial of the action, decided in favor of the validity of the plaintiff's mortgage, but decided that the mortgage held by Mackin and Verplank was in their hands a lien prior to that of the plaintiff's mortgage, and that the plaintiff was not entitled to subrogation to their rights under their mortgage and the guaranty of payment held by them from Ramsdell & Company.

That judgment was affirmed by the General Term, but on appeal to the Court of Appeals that court modified the judgment so as to subrogate the plaintiff to all the rights of Mackin and Verplank, under their assignment of the mortgage held by them and the

guarantee therein contained, on payment to them of the amount due for principal, interest and costs, the Supreme Court having denied the plaintiff such right of substitution.

This judgment was made the judgment of the Supreme Court according to the law and practice, and now the plaintiff has obtained the order of the Special Term setting aside and vacating the judgment so modified and entered on the remittitur from the Court of Appeals, and granting leave to the plaintiff to file and serve a supplemental complaint.

From this order there is an appeal which presents a very serious obstacle in the way of the plaintiff. It has been seen by the statement already made that the judgment of the Supreme Court was not entirely reversed, but only that portion of it which denied to the plaintiff substitution to the place and rights of Mackin and Verplank. The Court of Appeals held and decided that as to them the plaintiff was a junior incumbrancer and possessed all the rights incident to that relation; that she was entitled to the securities of the senior incumbrancer, and should be permitted to redeem the mortgage and acquire all the rights of the holders. The law of the case, therefore, is settled by the Court of Appeals and cannot be unfixed by any action of this court. The Supreme Court is without power to reverse the judgment of the Court of Appeals. Neither can it nullify the decisions of that court by setting aside its judgments entered on its remittitur in the Supreme Court. Because, if that could be done, then the Supreme Court would be in possession of the power to control all the judgments and decisions of the Court of Appeals. For this, of course, the respondent does not contend, and yet the argument put forward in her behalf, if followed to its logical conclusion, leads to that result. Doubtless the judgments of the Court of Appeals, after they become the judgments of the Supreme Court, may be opened and modified by this court in furtherance of justice in many ways, but they cannot be swept entirely aside.

The order appealed from therefore proceeds too far, and further than the necessities of the plaintiff require. She cannot litigate again the questions settled by the Court of Appeals in this action, and this court cannot place her in a position to do so by setting aside the judgment of that court. The decision of that court

would prevail even if the record of its judgment was vacated. The necessities of the plaintiff will be supplied by permission to file and serve her supplemental complaint, setting forth the facts that have transpired subsequent to the filing of the original. Then she will be in a position to present all the new questions that have arisen and reap all the benefits of the decision of the Court of Appeals in her favor.

The order appealed from should be reversed, so far as it vacates and sets aside the judgment in this action, and that part of the motion should be denied, and affirmed so far as it grants permission to file and serve a supplemental complaint, without costs of this appeal to either party.

BARNARD, P. J., and PRATT, J., concurred.

Order modified by reversing that part of order which sets aside the judgment in this action, and affirmed so far as it permits the filing and serving of a supplemental complaint.